**Jeff GROSSO, Plaintiff—Appellant,**

v.

**MIRAMAX FILMS CORP., a New York Corporation; Miramax Books; Spanky Pictures, a New York Corporation; David Levien, an individual;**

**Brian Koppelman, an individual; Ted Demme, an individual; Joel Stillerman, an individual, Defendants—Appellees.**

No. 01–57255.

D.C. No. CV–99–10939–ABC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided April 7, 2004.

Steven J. Renick, John A. Marder, Manning & Marder et al, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Richard L. Charnley, Nelsen, Thompson, Pegue & Thornton, Santa Monica, CA, for Defendants–Appellees.

Before SCHROEDER, Chief Judge, THOMPSON, and GRABER, Circuit Judges.

MEMORANDUM *

Jeff Grosso appeals the district court's judgment in favor of the defendants, Miramax Film Corp. and others, in his action alleging breach of contract under California law and violation of his copyright in his screenplay, "The Shell Game."

■ The district court did not err in granting summary judgment on Grosso's claim that Miramax's movie "Rounders" violated Grosso's copyright. The two works are not substantially similar, for the reasons very well stated by the district court.

■ The district court, however, incorrectly dismissed on the pleadings Grosso's state law claim for breach of implied contract. We review the dismissal de novo, accepting all well-pleaded factual allegations in the complaint as true and making all reasonable inferences in the plaintiff's favor. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001).

The California Supreme Court in *Desny v. Wilder,* 46 Cal.2d 715, 299 P.2d 257 (1956), explained the circumstances in which a contract might be implied even in the absence of an express promise to pay: "[T]he idea purveyor cannot prevail in an action to recover compensation for an abstract idea unless ... the circumstances preceding and attending disclosure, together with the conduct of the offeree acting with knowledge of the circumstances, show a promise of the type usually referred to as 'implied' or 'implied-in-fact.'" *Id.* at 270.

Plaintiff's complaint alleged circumstances that, if true, would sustain an action for implied contract: Plaintiff submitted the idea, in script form, to Defendants, at least indirectly, through Defendants' agents. Plaintiff submitted the idea in response to a solicitation by Defendants. Finally, it is alleged that "[t]he idea was submitted by Plaintiff to Defendants with the understanding and expectation, fully and clearly understood by Defendants, that Plaintiff would be reasonably compensated for its use by Defendants."

The judgment of the district court on the copyright claim is affirmed. The judgment of the district court dismissing the state law claim is reversed and remanded for further proceedings.

AFFIRMED IN PART AND REVERSED IN PART each party to bear its own costs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.